Please rise. This court is now in session. Please be seated. Please call the case. Case No. 36601, Pekin Insurance Company, appellant by Peter Saragelis v. Johnson-Downs Constructions, Inc., Cincinnati Insurance Company. Appellee by David Schroeder. Please proceed. Good afternoon. My name is Peter Saragelis on behalf of Pekin Insurance Company, the plaintiff appellant in this case. This is an appeal from an order granting a motion to stay in a declaratory judgment action, which involves issues that should be familiar to this court, the court having dealt with three of these cases previously, involving an additional insurance endorsement to a Pekin policy, the first of which was United Contractors, the second of which, which I had the pleasure of arguing, was Pekin v. Martin Cement, and the third of which, which I also had the pleasure of arguing, was Pekin v. Illinois Cement. In this case, the underlying plaintiff had filed initially an original complaint that contained only allegations, direct allegations against the purported additional insurer to the Pekin policy. Pekin preserved its rights, defended the purported additional insurer for approximately two years, and in the meantime, it issued a reservation of rights. That reservation of rights triggered what we contend triggered a third-party complaint against Pekin's named insurer in order to plead into coverage. Two years down the line or so, Pekin decided to exercise its rights and file this declaratory judgment action, and the underlying plaintiff proceeded to amend the underlying complaint and filed the amended complaint, which includes count two, which sounds in what they quote, vicarious liability under section 414 of the restatement. Now, this case proceeded in a world that, it proceeded before the Illinois Supreme Court handed down its recent decision in Carney, which makes clear that section 414 only contains cause of action for direct liability for retention or control of the work in that section 414 does not contain cause of action for vicarious liability. The additional insurer at some point moved to stay this case, contending that ultimate issues of fact would be decided in the declaratory judgment action that would prejudice findings or would lead to res judicata or collateral estoppel in the underlying case. We obviously believe that that's error, which is why we took the appeal. Normally, in a declaratory judgment action, all sides typically desire to know what insurance coverage is available in the underlying action. Not so in this case. The standard review of review is of use of discretion typically, but it can be de novo under certain circumstances when the reviewing court views the same evidence that the trial court did. That's found at Century versus Continental Casualty Company, 217 Illhab 1st 161785. Under either standard, we believe that the order granting the motion to stay was incorrect. As the court knows, duty to defend declaratory judgment actions involve possibilities. The court certainly had before it everything it could have had in order to make a determination as to whether or not there was a duty to defend. And I think that there is an important distinction to be cut here between duty to defend cases and duty to indemnify. Certainly in a declaratory judgment action dealing with indemnification, ultimate issues of fact decided in the declaratory judgment action might lead to restituta cata or collateral assault on the underlying case. I don't think that that applies in a duty to defend case. And in fact, it's really holding an insurance company hostage in its own declaratory judgment action. Insurance companies have a right to defend under reservation of rights. They have a right to try to settle a case in the meantime. And they certainly have a right at some point to press their rights and file a declaratory judgment action seeking no duty to defend. I think the more interesting issue in this case other than the motion to stay is, again, I alluded to Cardi earlier. Under Rule 336.85, this court has the power to declare and decide issues that the trial court ultimately didn't decide, but this court can go ahead and review certain things. We believe that first this court can decide whether or not the pleadings that were filed as knee-jerk reactions to the declaratory judgment action and certainly the reservation of rights letter are worthy of belief. This court has done so in the past. In fact, the two cases that I mentioned earlier that I argued dealt with whether certain pleadings were worthy of belief in a declaratory judgment action or whether they were properly deemed attempts to plead into coverage. Living in a post-carnage world now where the Illinois Supreme Court has said that Section 414 only involves direct liability allegations, I think that the court, if it chooses to go ahead and look at the amended pleading, can make the determination that there is no possibility of vicarious liability under any complaint containing this record that would trigger the peak and additional insured endorsement, which this court and other districts of the appellate court have had no problem finding is clear and unambiguous. That's the gist of my argument, if the court has any questions. Thank you, Your Honor. Counsel. Hey, police court. My name is David Schroeder. I represent the appellees in this case. Counsel. I do think that the issue before this court is fairly simple. Pekin has basically admitted that if the trial court properly took into account the amended complaint that was filed in the underlying case, then it has a duty to defend. And the reason that we moved to stay the case is that once the duty to defend existed, the only way they could get out from under that obligation or to have their duty to indemnify determined, which is also part of their declaratory judgment case. It's not just, they didn't just file a declaratory judgment case saying, we don't know what duty to defend. They, in fact, said, we don't know what duty to defend. We don't know what duty to indemnify. And by the way, we want all of our money back that we paid to defend you. And our position was that in order to address those ultimate questions, they would have to resolve certain issues that were at issue in the underlying case. And in particular, if you were going to ask me what that issue is, so for them to establish that the blanket additional insured endorsement does not apply to Johnson Downs, they would have to show that Johnson Downs is not being held vicariously liable for arts landscaping's negligence. Do they have to find that or do they just have to find that the complaint doesn't or does adequately allege that? With respect to the duty to defend, if they were going to argue that the amended complaint does not adequately allege a claim for vicarious liability, the duty to defend could be determined just on the pleadings. However, having admitted that the amended complaint does, on its face, state a valid cause of action for vicarious liability, the only way then that their duty to defend stops or that they get a resolution on the duty to indemnify is by addressing the factual question in the underlying case as to, is Johnson Downs liable at all? Is Johnson Downs vicariously liable or is it directly liable? And our position is that's not an appropriate issue for the declaratory judgment court to answer when that's an important issue in the underlying case. Now, obviously, the heart of this case is the question of whether the trial court appropriately considered the amended complaint that was filed in the underlying Barnett case. Now, they seem to, I'm not entirely clear as to what their position is, but they seem to say that if the underlying plaintiff's motive for filing an amended pleading or filing certain causes of action is to try to walk a defendant into coverage, then somehow that's inappropriate, or that the amount of time that went by before the underlying plaintiff decided to amend his complaint somehow makes the amendment improper, or maybe a combination of the two. I'm not exactly clear on what their position is, but our position is that the case law makes it clear that what you can't do as an underlying plaintiff is plead a legal theory that is not supported by the underlying facts. And if you look at all of the cases that they've cited for the proposition that a plaintiff is not allowed to either amend a complaint or to assert a complaint that is an attempt to walk something into coverage, what the plaintiff, what tripped up those plaintiffs was that they were trying to, in all of the cases that they cite, they were trying to fit an intentional tort into a negligence cause of action that the facts of the case did not support. So the cases they cite, there's two sexual assault cases, there's an arson case, there's a criminal assault case  In all of those cases, the underlying plaintiff tried to plead either initially or subsequently a negligence cause of action that was directly contradicted by the facts in the case. Either there was a guilty plea in a criminal case, or there was a deposition where the defendant admitted that he intended to act intentionally, or a combination of the two, such that the court found that it was impossible to plead a negligence cause of action based on the facts that the plaintiff was setting forth. This case, of course, is entirely different because initially the underlying plaintiff, and this was before Carney, pled, I believe it was in paragraph 10 of his original complaint, he had a restatement 414 claim and did not break it down at the time. You could have either a direct or a vicarious liability claim under 414 against a general contractor. Then he decided to amend his complaint, and he broke that cause of action down and specifically pled first a direct negligence claim and then a vicarious liability claim. And we pointed out, or we asked the court to consider the more recent decision in Pekin v. Sentex because we think that that case addresses, at least for a duty to defend analysis, the allegations set forth in count two of the amended complaint or appropriately, or at least for the purposes of the duty to defend, set forth allegations necessary to support the possibility that Johnson Downs might be held liable as vicariously because the factual questions of whether it exercised enough control that it was actually the principle of arts landscaping as its agent. And therefore, the amended complaint triggered, definitely continued to trigger the duty to defend. I do not see any support in Illinois law for their proposition that even if the plaintiff's motivation for trying to assert a certain cause of action is to trigger insurance coverage on behalf of one of the defendants, as long as the cause of action is valid and supported by facts, that is entirely appropriate. Just to give you an example, suppose we use the Thornton v. Paul situation where somebody got shot and the plaintiff pled, he shot me on purpose, he shot me negligently. Let's suppose that the plaintiff wanted to just plead initially, he shot me on purpose, I want punitive damages, I want to muddy him up before the jury, that'll be great. And then, I don't know, a year later he suddenly realizes that maybe this guy won't have any money to satisfy this great punitive damage award I'm going to get, so maybe I should try to plead a negligence theory and possibly trigger his homeowner's coverage or something. As long as there are facts that he could in good faith plead to plead a negligence cause of action at that point, then that cause of action is valid, and if that triggers an insurance duty to defend at that point, it triggers the duty to defend. It's completely different than the situation in all of the cases they cite where the legal theory is completely unsupported by any facts that the plaintiff could possibly assert. And unless there's any questions, I think I've addressed all the points I would like to address. Thank you very much. Just a few things. Certainly in a pre-Carney world, the amended complaint could possibly have triggered a duty to defend. I don't think that that any longer applies post-Carney given the fact that Count 2 only sounds in Section 414, which is a direct theory of liability. That's the first thing I want to correct. The second thing, the timing of the amended complaint is certainly suspect. The DEC suit filed by Pekin was filed on April 1, 2016. The motion to stay was filed. The underlying complaint in the underlying case three years after litigation and all the opportunity to discover any facts was filed approximately three and a half months after the DEC suit and after Pekin disclosed its coverage position. That amended complaint came to the trial court during the motion to stay, and this court has deemed the timing of certain pleadings transparent attempts to plead in the coverage. As far as the plaintiff's motive, I can only speculate at this point, but the plaintiff doesn't typically care who is defending the additional insured, whether that be Pekin in this case or whether that be Cincinnati. Certainly they want to keep open the possibilities of limits of coverage for indemnity purposes so that if it looks like Pekin is going to walk away potentially, they plead a new complaint to bring them back in, make the limits of liability not 2 million but 4 million under two insured policies. So I think that the timing of the DEC suit, the timing of the amended complaint, and the motive to keep indemnification limits alive is enough for this court to deem it a transparent attempt to plead in the coverage. Also with respect to, I know for a fact my firm never pleads for declarations regarding indemnity when an underlying case hasn't yet been determined because that issue is not ripe. So it's only the duty to defend that's at issue here, and that's why clearly the motion to stay was an error because nothing that this court could have declared would have caused res judicata or collateral estoppel in the underlying case. I mean, the trial court can certainly have fashioned the finding that said there is a possibility of vicarious liability or there is no possibility of vicarious liability without prejudicing the underlying plaintiff's case. So you're saying that your complaint only applies to the duty to defend? Our complaint for declaratory judgment only applies for duty to defend, correct. If we prayed for a declaration as to the duty to indemnify, that would be subject to a motion to stay because that issue is not ripe yet. But if there's no duty to defend, is there? That is certainly true. Correct. There is no duty to indemnify. Correct. So it's the whole ball game, right? Well, certainly. So it's not like you've got one. No, if there was no duty to defend, there could be no duty to indemnify, but certainly Carney has another important teaching in that it says that an underlying complaint, or forgive me, a complaint, a plaintiff cannot pursue a theory that's not played out in their complaint. So if there's no duty to indemnify because there's no possibility of vicarious liability at this point, I don't see how the underlying plaintiff could go on to prove vicarious liability if he didn't leave open that possibility through his plea. Anything further? That's it. Thank you very much. We'll take this matter under advisement and we'll render a decision in the near future. And now I'll take a break for panel.